UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TAYLOR STEVEN ROYSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:23-CV-61-HAB |
| | ) | |
| GOOGLE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff's YouTube channel was hacked. When the hack was resolved and the account re-instated, 166 videos from the channel were missing. Believing Defendant to be at fault, Plaintiff sued in the Allen County, Indiana Small Claims Court. That suit was dismissed with prejudice on Defendant's motion. Rather than move on with his life, Plaintiff filed substantially the same suit here. Defendant has now moved to dismiss, arguing res judicata and that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 12). Plaintiff has not responded, and the deadline to do so has passed. Because the Court finds that this case has already been litigated in Defendant's favor, the motion to dismiss will be granted.

**I.      Well-Pleaded Facts**

Plaintiff's factual recitation is limited to one paragraph. He alleges:

> On September 19th, 2022, Monday, Google failed to protect my YouTube account from unauthorized use. Channel taken down with videos on it. Have proof I did not do this to my channel as I am only human end user to have access to channel at the time of event. Channel since restored without personalized artwork returned to channel.

(ECF No. 1 at 2) (all sic).

Further down the complaint form, Plaintiff answered "yes" to whether he "ever sued anyone for this exact same event." He then attached two filings from *Royse v. Google Co.*, Case No. 02D09-2209-SC-7344, a suit he filed in the Allen County, Indiana, Small Claims Court (*Google I*). Filed in September 2022, Plaintiff alleged:

> I have done all I can to protect myself from hackers online, including using 2 factor authentication. Google failed to alert me to a hacker on my YouTube channel and I ended up removing videos that were not my work. Google removed my channel and I want it restored. Google failed to protect my account.

(ECF No. 1-1 at 3). Plaintiff first requested damages of $500.00 (*id*.), but then amended his claim to seek the maximum recovery allowed in an Indiana small claims court. (*Id*. at 1). That case was dismissed with prejudice on Defendant's motion. (ECF No. 13-2 at 2).

## II.    Legal Discussion

Res judicata, also known as claim preclusion, precludes litigation over matters which have already been litigated and is designed to ensure the finality of judicial decisions. *Car Carriers, Inc. v. Ford Motor Co*., 789 F.2d 589 (7th Cir. 1986). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

"[F]ederal courts must give a state court judgment the same preclusive effect that it would receive under state law." *Wilhelm v. City of Milwaukee*, 325 F.3d 843, 846 (7th Cir. 2003). Under Indiana law, claim preclusion applies when: (1) a court of competent jurisdiction renders a judgment; (2) that judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the current parties to the suit, or their privies, adjudicated the former action. *Marion Cty. Circuit Court v. King*, 150 N.E.3d 666, 672 (Ind. Ct. App. 2020) (citing *Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013)).

2

All required elements for the application of res judicata are met here. The Allen County, Indiana, Small Claims Court is a court of competent jurisdiction, and its judgments carry preclusive effect. *In re Ault*, 728 N.E.2d 869, 872 (Ind. 2000). The dismissal of *Google I* with prejudice was a ruling on the merits. *Phillips v. Shannon*, 445 F.2d 460, 462 (7th Cir. 1971). Defendant's liability for the hacking of Plaintiff's YouTube account was litigated in state court, so the issue presented here was determined in *Google I*. Finally, the parties to *Google I* and this case are the same. There is nothing else for this Court to do other than to grant Defendant's motion.

### III.     Conclusion

For these reasons, Defendant's Motion to Dismiss (ECF No. 12) is GRANTED. This case is DISMISSED WITH PREJUDICE. The Clerk is DIRECTED to enter judgment for Defendant and against Plaintiff.

SO ORDERED on July 19, 2023.

  s/ *Holly A. Brady*  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT